OPINION
Defendant-appellant, Tracy McManima, appeals from the sentence imposed by the trial court following a guilty plea upon the charges of Involuntary Manslaughter, Trafficking in Drugs, and Possession of Cocaine. She argues that the trial court failed to comply with R.C.2929.14(C) in imposing the maximum sentence on the Involuntary Manslaughter conviction, and that it failed to comply with R.C.2929.14(E)(4) in imposing consecutive sentences. We find merit to the appeal. The judgment of the trial court is Reversed, and this matter isRemanded for resentencing.
 I
On September 3, 2000, at approximately 9:30 p.m., McManima went to the residence of Jerry Michael Craig with approximately seven grams of cocaine. Craig was a close friend of McManima's. She was dropped off at the residence by her co-defendants, Tank Williams and Monroe Welborn. At approximately 4:00 a.m., on September 4, Williams and Welborn returned to Craig's residence with the intent of picking up McManima and collecting money for the cocaine she had delivered. When they arrived, they found McManima standing at the back of Craig's residence holding a bag containing approximately one-half pound of Craig's marijuana. Williams told McManima that the marijuana would not be enough to pay for the cocaine. Williams and Welborn entered the house while McManima remained outside. Craig was shot and killed.
McManima was indicted for one count of Murder (Count One), one count of Involuntary Manslaughter with a firearm specification (Count Two), one count of Trafficking in Cocaine (Count Three), one count of Possession of Cocaine in an amount greater than five grams (Count Four) and one count of Possession of Cocaine (Count Five). She pleaded guilty to counts Two, Three, Four and Five. Count One was dismissed. Following a sentencing hearing, the trial court imposed the following sentence: A prison term of ten years on Count Two, with the accompanying three year term for the firearm specification to be run consecutively; a term of six months on Count Three; a term of one year on Count Four; and a term of six months on Count Five. The sentences imposed for Counts Three and Four were ordered to run concurrently with each other and consecutively to Count Two. Count Five was ordered to be run consecutively to the sentences imposed for all the other counts for a total of fourteen and one-half years imprisonment. The trial court credited McManima with time served. From this sentence, McManima timely appeals.
 II
McManima's First Assignment of Error states as follows:
 THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE PRISON SENTENCES ON THE DEFENDANT FOR COUNTS 2 THROUGH 5 OF THE INDICTMENT.
McManima contends that the trial court erred by imposing consecutive sentences because it failed to comply with the terms of R.C.2929.14(E)(4).[1] Specifically, she argues that the trial court failed to state, and the record fails to show, that consecutive sentences are necessary to protect the public or to punish her.
R.C. 2929.14(E)(4), which governs the imposition of consecutive sentences for multiple offenses, provides:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.19(B)(2)(c) explicitly requires the trial court to make findings incorporating its reasons for imposing consecutive sentences under R.C. 2929.14. A trial court's imposition of consecutive sentences must be supported by findings that refer to statutory sentencing factors. The judgment of the trial court will be reversed if these findings are not explicitly made.
In this case, the trial court's reasoning for its sentencing is gleaned from the transcript of the sentencing hearing as well as the judgment entry of conviction. At the hearing, the trial court found McManima's prior criminal history made it necessary to sentence her consecutively in order to protect the public from future crime.
The trial court also discussed McManima's relationship to the victim and found that it facilitated the offense. The court also specifically found that her membership in a drug ring, and the group's planning and organization with respect to the commission of the offense, played key roles in the crime. These findings are sufficient to support a conclusion that the imposition of consecutive sentences is not disproportionate to the seriousness of McManima's conduct and to the danger she presents to the public. The trial court further found that McManima had been under a community control sanction at the time she committed the instant offense thereby satisfying R.C. 2929.14(E)(4)(a).
Based upon the above findings we conclude that the trial court did make the requisite findings under R.C. 2929.14(E), and that it supported those findings with adequate reasoning. Accordingly, the First Assignment of Error is overruled.
 III
The Second Assignment of Error provides:
 THE TRIAL COURT ERRED WHEN IMPOSED THE MAXIMUM SENTENCE ON THE DEFENDANT FOR COUNT 2 OF THE INDICTMENT.
McManima contends that the trial court erred by imposing the maximum sentence for Involuntary Manslaughter because she did not commit the worst form of the offense, and that she does not pose the greatest likelihood of recidivism.
In imposing the maximum sentence, the trial court must follow R.C.2929.14(C), which states, in pertinent part:
 [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *.
The Supreme Court in State v. Edmonson (1999), 86 Ohio St.3d 324, addressed the principles governing minimum and maximum sentences, stating that in order to lawfully impose the maximum term for an offense, the record must reflect that the court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C).Id. at 329. The trial court must state its findings under R.C. 2929.14(C) on the record. Id. at 326. Additionally, if the court imposes a maximum prison term, the court must give its reasons for its findings. Id.
Although the trial court did find that McManima committed the worst form of the offense, we note that a reading of the record indicates that it failed to explain the basis for this finding. The only argument made in this context was the prosecutor's claim that it was the worst form of the offense because the victim died. No other reason is stated in the record. Obviously, Involuntary Manslaughter involves, by its very definition, the death of a person. Therefore, the fact that someone lost their life cannot, by itself, constitute the worst form of the offense. Otherwise, all Involuntary Manslaughter cases would be involve the worst form of the offense.
Additionally, the trial court did not find, and the record would not support such a finding, that McManima is a major drug offender or a repeat violent offender.We turn next to the issue of whether McManima poses the greatest likelihood of committing future crimes. R.C. 2929.12(D) sets forth the following non-exhaustive list of relevant factors to consider in determining the likelihood of recidivism:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense.
 (2) The offender * * * has a history of criminal convictions.
 (3) The offender has not * * * responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense.
The record reveals that McManima's prior criminal history consists of convictions for Theft, Possession of Marijuana and DUI. She was granted treatment in lieu of conviction for the Theft. However, the treatment was revoked when she committed the later offenses, and she was given five years of community control on the Theft conviction. She was under this community control at the time she committed the instant felony offenses. Also, the trial court found that McManima showed no remorse for the crime. Additionally, though not cited by the court, the prosecutor noted that McManima's loyalty to her drug ring indicates that she does have a great likelihood of committing future crimes.
Although the trial court made the above findings, and also found that McManima had the greatest likelihood of re-offending, it did not link those findings to its conclusion that McManima is among the category of offenders posing the greatest likelihood of re-offending. Therefore, we must conclude that the trial court failed to adequately explain its reasoning for such a conclusion, and this matter must be remanded for re-sentencing. The Second Assignment of Error is sustained.
 IV
The second assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for the limited purpose of re-sentencing McManima in accordance with this opinion.
GRADY and YOUNG, JJ., concur.
[1] McManima does not contest the consecutive service of the prison terms for Involuntary Manslaughter and the attendant firearm specification.